**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT L. JENKINS, et al., : | |
| : | Civil Action No. 10-0366 (RBK) |
| Plaintiffs, : | |
| : | |
| v. : | **OPINION** |
| : | |
| LOWE'S HOME CENTER, INC., : | |
| et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

Plaintiffs pro se
Robert L. Jenkins
Southern State Correctional Facility
Delmont, NJ  08314

Caroline J. Barnes
2741 Dogwood Circle
Valdosta, GA  31602

**KUGLER**, District Judge

   Plaintiff Robert L. Jenkins, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Co-plaintiff Caroline J. Barnes, of Valdosta, Georgia, is not a prisoner.  She has not sought leave to proceed in forma pauperis, nor has she prepaid the filing fee for a civil action.

   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

### I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

The Complaint asserts that on September 19, 2008, Plaintiff Robert Jenkins selected and purchased a certain exterior and trim house paint from the Lowe's Home Center in Valdosta, Georgia. He alleges that on September 29, 2008, he returned to the Lowe's Home Center in Valdosta, Georgia, to purchase some additional paint, but was sold an inferior paint, resulting in the discoloration of his home.

The Complaint alleges that on October 1, 2008, Mr. Jenkins brought his complaint to the customer service department of Lowe's Home Center, Inc., which agreed, in conjunction with Store Manager Corbin Neeley and Assistant Store Manager Scott Storey, to provide Mr. Jenkins with a satisfactory replacement product and to pay him to apply it to his home. The Complaint alleges that Mr. Neeley and Mr. Storey then failed to provide the replacement product.

The Complaint alleges that Mr. Neeley then began to make telephone calls to co-plaintiff Caroline Barnes, as a result of which he decided that she was uneducated and could not be the

homeowner.  The Complaint alleges that the defendants then refused to provide the replacement product or otherwise comply with their agreement because the plaintiffs are African-American.

The Complaint alleges that the plaintiffs have filed a civil complaint in Lowndes County Magistrate Court in Valdosta, Georgia, arising out of these events.  The Complaint does not describe the status of that litigation.

Here, the Plaintiffs allege that the defendants have violated their civil rights in violation of 42 U.S.C. §§ 1981, 1982, 1983, and 1985.  The named defendants are Lowe's Home Center, Inc., the C.E.O. of Lowe's Home center, Inc., store manager Corbin Neeley, assistant store manager Scott Storey, and a John Doe agent or employee of Lowe's Home Center, Inc., who allegedly conspired with Mr. Neeley, in disguise, invading plaintiffs' private property.

Plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### III.  ANALYSIS

It is not clear, from the allegations of the Complaint, that this Court could exercise personal jurisdiction over all of the defendants in this action.

Under Rule 4(e) of the Federal Rules of Civil Procedure, a federal district court has personal jurisdiction over nonresident defendants "to the extent authorized under the law of the forum state in which the district court sits." Suinbelt Corp. v. Noble, Denton & Assoc., Inc., 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute extends personal jurisdiction to the boundaries of the Due Process Clause of the Fourteenth Amendment. See N.J.Ct.R. 4:4-4.

A federal district court may exercise either general or specific jurisdiction over nonresident defendants. When a court

exercises jurisdiction over a defendant in a suit <u>not</u> arising out of or related to the defendant's contacts with the forum, the Court is said to be exercising general jurisdiction over the defendant.  In such circumstances, due process is not offended if the defendant has certain minimum contacts with the forum so that traditional notions of fair play are not offended by the exercise of jurisdiction.  <u>See generally</u> <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-15 (1984) (collecting cases).  Setting aside the corporate defendant, nothing in the Complaint suggests that this Court could exercise general jurisdiction over the nonresident individual defendants.

Under the Fourteenth Amendment, a plaintiff asserting specific jurisdiction over a nonresident defendant must establish (1) that the defendant purposefully directed his activities at the forum, (2) that the action arises out of or is related to at least one of those activities, and (3) if the first two requirements are met, that the court's exercise of jurisdiction otherwise comports with notions of fair play and substantial justice.  <u>See generally</u> <u>D'Jamoos v. Pilatus Aircraft Ltd.</u>, 566 F.3d 94, 102-03 (3d Cir. 2009) (collecting cases).

Again, the claims asserted here do not arise out of any defendant's activities in this forum.  Accordingly, this Court may not exercise specific personal jurisdiction over the defendants in this matter.

Under 28 U.S.C. § 1631, when a district court finds that it is lacking jurisdiction,

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631; see also Island Insteel Sys., Inc. v. Walters, 296 F.3d 200, 218 & n.9 (3d Cir. 2002) (noting that § 1631 permits transfer for lack of in personam jurisdiction).

Moreover, even if this Court could properly exercise personal jurisdiction over the defendants in this matter, this District does not appear to be a proper venue for these claims.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).[1]  See also Chatman-Bey v. Thornburgh, 864 F.2d 804, 813-14 and n.10 (D.C. Cir. 1988) (a court may raise considerations of venue sua sponte); Garcia v. Pugh, 948 F.Supp.

---

[1] For purposes of venue under this section, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

20, 23 (E.D. Pa. 1996)(same).  <u>See also</u> 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3844 (2d ed.).

Here, the Plaintiffs have failed to plead the residence of any of the defendants except Lowe's Home Center, Inc., which appears to reside, at the least, in Valdosta, Georgia. Certainly, the Plaintiffs have failed to plead any facts suggesting that any of the individual defendants reside in this district.  Plaintiffs have, however, pleaded that all of the events occurred in the area of Valdosta and Lowndes County, Georgia.

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Pursuant to 28 U.S.C. § 1391(b), the appropriate district where the pleaded facts indicate this action could be brought is the Middle District of Georgia, in which all or a substantial part of the events or omissions giving rise to the claim occurred and where the Complaint suggests that all defendants can be found.  It appears to be in the interest of justice to transfer this action. This Court expresses no opinion, however, on the timeliness or merits of Plaintiffs' claims.

## IV.  <u>CONCLUSION</u>

7

For the reasons set forth above, this action will be transferred to the United States District Court for the Middle District of Georgia.  An appropriate order follows.

s/Robert B. Kugler<br>
Robert B. Kugler<br>
United States District Judge

Dated: July 26, 2010